IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM JOHN GABLE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security | : | NO. 14-4245 |

## ORDER

**AND NOW**, this 23rd day of May, 2016, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Docket No. 7), Defendant's Response thereto, Plaintiff's Reply, the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Docket No. 10), Plaintiff's Objections thereto (Docket No. 11), and Defendant's Response to the Objections, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objections are **OVERRULED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

---

[1] The Magistrate Judge recommends that the ALJ did not err in choosing to credit state agency examining psychologist Dr. Megan McCusker Moore's narrative opinion, rather than her ratings in the medical source statement form she completed, since the ALJ was entitled to place greater reliance on Dr. Moore's full medical opinion than on her cursory answers to form questions. (Report and Recommendation at 14-15.) Plaintiff objects that this recommendation, as well as the ALJ's assessment of his residual functional capacity assessment, ignores the fact that Dr. Moore's narrative statement was qualified by the additional comment that Plaintiff "would have difficulty tolerating stress and pressures, due to aforementioned psychiatric diagnoses." (Tr. 294.) This objection is overruled. Dr. Moore opined that Plaintiff could perform routine activities of daily living and manage his funds (id), which the ALJ determined were "consistent with Dr. Moore's objective mental status examination findings." (Tr. 33.) On this basis, the ALJ gave little weight to the more severe limitations Dr. Moore noted on the form. The Magistrate Judge's recommendation that the ALJ was entitled to do so is fully supported by the record and is approved and adopted.

The Magistrate Judge recommends that, because Dr. Ulhas Mayekar's treatment notes did not support his opinions on Plaintiff's limitations, the ALJ was supported by substantial evidence in giving those opinions little weight. (Report and Recommendation at 13.) Plaintiff objects that the ALJ's reliance on Dr. Mayekar's notes, documenting that Plaintiff was oriented, had appropriate thought content, and had improved with medication, is not a reasonable basis to

      3.        Plaintiff's Request for Review is **DENIED**.

      4.        The Decision of the Commissioner is **AFFIRMED**.

                          BY THE COURT:

                            /s/ John R. Padova
                            John R. Padova, J.

---

reject Dr. Mayekar's opinion that Plaintiff could not function effectively in a workplace on a sustained basis. This objection is overruled. The Magistrate Judge's recommendation that the ALJ was entitled to rely on the inconsistent treatment notes — and the contrary opinions of other medical sources — to reject Dr. Mayekar's checklist form is fully supported by the record and is approved and adopted.

      Finally, the Magistrate Judge recommends that the ALJ's partial negative credibility determination regarding Plaintiff's subjective complaints was supported by substantial evidence. Plaintiff objects to this recommendation, on the basis of his other objections. This objection is also overruled. Because we have overruled the other objections, and because the ALJ's credibility determination was based on the substantial evidence in the record, the Magistrate Judge's recommendation on the partial negative credibility determination is approved and adopted.